(80 South. 37)

DANIEL v. WALTHALL. (2 Div. 677.)

(Supreme Court of Alabama. June 29, 1918. Rehearing Denied Nov. 14, 1918.)

CHATTEL MORTGAGES ☞172(1) — ASCERTAINMENT OF AMOUNT OF MORTGAGE DEBT — STATUTES.

Code 1907, § 3789, relating to ascertainment of amount of mortgage debt, does not apply to a suit by a chattel mortgagor against mortgagee to recover the property under a claim that the mortgage debt is paid.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Action by Perry Daniel against Thomas A. Walthall, Jr. Judgment for defendant, and plaintiff appealed. Transferred from Court of Appeals under section 6, Act of April 18, 1911, p. 449. Affirmed.

Ivey F. Lewis, of Birmingham, for appellant.

T. A. Walthall, Jr., of Greensboro, pro se.

MAYFIELD, J. This was an action in detinue, by a mortgagor against a mortgagee, to recover the mule.

The trial was had on the general issue, and was tried by the court without a jury, and resulted in a judgment in favor of the defendant mortgagee; and plaintiff mortgagor appeals.

The main insistence in the argument is that the mortgage debt was paid, and the mortgagee's title thereby extinguished.

The evidence failed to prove that the debt was paid. While the plaintiff did, on his direct examination, testify that he did not owe the defendant any debt secured by a mortgage on the mule in question, he admitted that he owed the defendant $10; and the documentary evidence, in connection with oral evidence of the defendant, showed to the satisfaction of the trial court and to our satisfaction that the mortgage debt was not fully paid.

Section 3789 of the Code was not applicable to this case. The suit was by the mortgagor, and not by the mortgagee. Moreover, it is the defendant, and not the plaintiff, whom the statute permits to have the amount of the mortgage debt to be ascertained, on suggestion by him; and no such suggestion was made by the defendant. Hence there was no error in the court's declining to ascertain the amount of the mortgage debt.

There was no error in any of the rulings on the evidence, which were prejudicial to plaintiff; and if each of the rulings, except the admission of the mortgage in evidence, had been in favor of plaintiff, the result would and should have been the same.

The execution of the mortgages was properly proven, and the mortgages were, of course, competent and relevant. There was no error in any of the rulings as to their admission.

It results that the judgment must be affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 388.